UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

MAKIYAH McGRUDER,

Plaintiff,

v.                                          CAUSE NO. 1:24-CV-26-DRL-MGG

TREON and McMULLEN,

Defendants.

<u>OPINION AND ORDER</u>

Makiyah McGruder, a prisoner without a lawyer, filed a complaint about encounters she has had with Correctional Officer Erica Treon[1] and others at the Grant County Jail that she alleges violated her constitutional rights. ECF 9. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

First, she alleges that Officer Treon, Sheriff Christopher McMullen, and two other guards came to her cell after she was verbally harassed by another officer. She asserts that Officer Treon slammed her on her stomach, Sheriff McMullen cuffed her, and then Officer

---

[1] This defendant's name is spelled both Treon and Treeon in the complaint.

Treon punched her three times in the face. Sheriff McMullen then allegedly put two stocking caps over her face, covering her mouth and nose. She says she cried out that she could not breathe, but Sheriff McMullen responded by putting a football helmet on her head.

Later, Ms. McGruder says she was escorted to the elevator, where Officer Treon slammed her head against the elevator wall. After they exited the elevator, Sheriff McMullen allegedly demanded that she undress, and Officer Treon used a fire hose to drench her body in cold water, saying she wouldn't stop until she washed the grease out of Ms. McGruder's hair. Ms. McGruder says that Officer Treon then punched her several times and she fell to the floor. After she fell, Officer Treon allegedly got on top of her and gouged her eyes out.

Another time, Ms. McGruder alleges she was woken up to take a shower, but she told the officer that it was not her day to shower because she had showered the day before. Officer Treon got involved and demanded that Ms. McGruder shower. Officer Treon allegedly cut off Ms. McGruder's uniform and forced her panties off. Ms. McGruder continues that Sheriff McMullen joined them in the shower room, and lectured her about her conduct, while she stood in front of him, naked. Officer Treon then allegedly washed Ms. McGruder's private parts inside the shower.

As a pretrial detainee, Ms. McGruder's rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir.

1991) (citation omitted). However, the Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must provide evidence that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the 'force' exerted by the assailant is significant." *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012). Ms. McGruder may proceed against Officer Treon and Sheriff McMullen on a claim of excessive force under the Fourteenth Amendment.

Ms. McGruder, however, may not proceed against either Captain Persinger or the Detention Director, Jason Camery. Their only involvement in the events was based on grievances and complaints that Ms. McGruder filed afterwards. This does not provide the personal involvement necessary for them to be held liable for the alleged excessive force. *See George v. Smith*, 507 F.3d 605, 609-610 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. . . . A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."). Ms. McGruder does not have a right to an investigation into the conduct. Once the alleged constitutional violation ended, Ms. McGruder had no right for the violation to be

investigated. *See Daniel v. Cook Cnty.*, 833 F.3d 728, 736 (7th Cir. 2016) (noting the constitutional requirement for inmates to be adequately cared for does not include the right to a grievance process to complain about deficient care). Captain Persinger and Director Camery will be dismissed.

For these reasons, the court:

(1) GRANTS Makiyah McGruder leave to proceed against Correctional Officer Erica Treon and Sheriff Christopher McMullen in their individual capacities for compensatory and punitive damages for the alleged use of excessive force in her cell and the two later ones in the shower in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Jason Camery and Persinger;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Erica Treon and Christopher McMullen at the Grant County Jail, with a copy of this order and the complaint (ECF 9);

(5) ORDERS the Grant County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Erica Treon and Christopher McMullen to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

April 11, 2024                        s/ Damon R. Leichty
                                      Judge, United States District Court